

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2008

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1630

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Thomas" (2008). *2008 Decisions.* Paper 808.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/808

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-1630

———————

UNITED STATES OF AMERICA

v.

MARSHAUN THOMAS,
                    Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 01-cr-00058-1)
District Judge:  The Honorable Katharine S. Hayden

———————

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2008

———————

Before: SLOVITER, BARRY and ROTH, <u>Circuit Judges</u>

(Opinion Filed: July 24, 2008)

———————

OPINION

———————


BARRY, <u>Circuit Judge</u>

        In September of 2002, Marshaun Thomas pled guilty to a one-count information

charging him with racketeering, in violation of the Racketeering Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 2.  On appeal we affirmed his

conviction and sentence, but subsequently vacated the sentence and remanded for

resentencing in light of *United States v. Booker*, 543 U.S. 2002 (2005).  Thomas has been

resentenced, and now appeals.  We will affirm.[1]

Because the parties are familiar with the factual and procedural background of this

by now six-year old case, we will reprise only those facts bearing directly on the issue

before us – the resentencing of Thomas in the wake of *Booker*.[2]

In October of 2003, Thomas was sentenced to 360 months imprisonment, the

middle of the applicable guidelines range of 324-405 months, with the District Court

crediting him with 30 months to reflect the time he had spent in state custody.  As noted

above, that sentence was vacated following *Booker* and the case remanded for

resentencing.  The resentencing hearing was held on February 21, 2007, with the District

Court concluding that the 360-month sentence originally imposed remained appropriate,

but that Thomas would be credited with 80 months to reflect time served and good time

accrued.  Those computations are not disputed.

Thomas challenges his sentence on the sole ground that the District Court failed to

---

[1]  The District Court had subject matter jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction to hear this appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2]  What is not before us is Thomas's argument that one of the two racketeering acts charged in the information to which he pled guilty was not related to the enterprise or to the other racketeering act, and, thus, that the District Court erred in accepting his guilty plea.  This issue could have been and should have been raised on direct appeal, but was not, and is waived.

consider the impact of his drug addiction "during the commission of the charged offenses." Appellant's Br. at 18. We review a sentence for reasonableness. *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). "[T]hose sentences that are within the Guidelines range are more likely to be reasonable than those that fall outside [the] range." *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007).

The sentencing hearing was thorough to a fault, with the District Court listening to lengthy oral argument about Thomas's family background, his emotional problems, and how he was high on PCP the night he killed the victim; indeed, Thomas concedes that there "is no question that defense counsel vigorously argued both in her sentencing brief and orally at the sentencing hearing that Thomas's PCP induced 'insane' state played a significant role in the shooting." Reply Br. at 13. Thomas also described the progress he had made in prison towards rehabilitation and the activities in which he participated. And, as it had done at the original sentencing hearing, the Court heard the statements of various members of the victim's family.

The District Court carefully reviewed the 18 U.S.C. § 3553(a) factors and discussed the reasons for its decision not to disturb the original sentence, among them that the sentence reflected the seriousness of the offense, promoted respect for the law, and provided just punishment. The Court found no reason to otherwise tailor the sentence or "make changes just for changes sake." Gov't. Supp. App. at 166. Although the Court did not explicitly refer to Thomas's addiction at the time he committed his crimes, it noted

3

that it had read the sentencing memoranda and had reread its remarks from the original

sentencing hearing in which it went into great detail as to Thomas's background,

including his addiction at the time of those crimes, observing, for example, that

> Mr. Thomas, [at] the time of that offense was consistently smoking PCP, dipping marijuana cigarettes into PCP, staying on a high on a regular basis and a high that created circumstances of a crime when he decided to leave the car and approach that group and order four young men, four young men who were young and strong and have their own dignity to their knees as if he were their executioner.

*Id.* at 99-100.

It is clear, therefore, that Thomas's challenge to his sentence should be rejected. It

is also clear that the District Court conducted one of the most thoughtful and

comprehensive sentencing hearings we have seen. Because the sentence imposed at the

conclusion thereof was eminently reasonable, we will affirm the judgment of sentence.

4