

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2008

# USA v. Hall

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5106

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hall" (2008). *2008 Decisions.* Paper 1141.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5106

UNITED STATES OF AMERICA

v.

DAVID HALL,
                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 06-cr-00002)
District Judge:  The Honorable Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2008

Before: BARRY, STAPLETON, <u>Circuit Judges</u>, and RESTANI,[*] <u>Judge</u>

(Filed: May 27, 2008 )

OPINION

---

[*] Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

BARRY, Circuit Judge

Appellant David Hall appeals the District Court's judgment of sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and will affirm.

We presume the parties' familiarity with the proceedings before the District Court and the evidence in the case, and thus will only summarize them here. Suffice it to say that on September 6, 2005, Officers Michael Maresca and Joseph McCauley observed several men standing outside a car with two of the men engaging in what Maresca believed was a drug transaction. After circling the block, the officers pulled over and approached the car. When co-defendant Ronald Austin saw the officers, he dropped a one-kilogram brick of cocaine on the ground, removed a firearm from his waistband , placed it into the car, and fled the scene. Austin was pursued and arrested by McCauley.

Meanwhile, Hall, who had been trying to get out of the back seat, was ordered out of the car by Maresca. As he was getting out, he said, "[t]his ain't mine" and screamed at Syreeta Womack, the driver, to "go, go, go, go, go." Maresca saw the firearm in the passenger area and an open brown box in the backseat containing two one-kilogram bricks of cocaine. $1,413 in $100 bundles and two cell phones were found on Hall, and two cell phones were found on Austin. Phone records showed that a large volume of calls had been made between Austin and Hall in the weeks and months prior to the arrest, including seventeen calls that morning. Expert testimony was elicited that the volume and the timing of the calls between Austin and Hall were typical of a drug conspiracy and

2

that only a very high level participant in a drug conspiracy would have been trusted to sit next to the $200,000 (or two kilograms) of cocaine found in the back seat.

Hall was charged with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 ("count one"), possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 ("count two"), and possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine within 1,000 feet of a public elementary school in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2 ("count three"). Austin and Womack were also charged with separate firearm offenses. Austin moved to sever his trial from Womack, a motion Hall joined. The motion was denied and trial began the following day. On the final day of trial and before closing arguments, Womack and Austin pled guilty. The District Court informed the jury that Womack and Austin were no longer part of the case and that the jury should not speculate about their absence. The jury found Hall guilty on all three counts.

A sentencing hearing was held on December 18, 2006. According to the presentence investigation report ("PSI"), Hall's base offense level was thirty-four and his criminal history category was VI, resulting in a Sentencing Guidelines ("guidelines") range of 262-327 months imprisonment. The District Court considered the various

3

objections made by Hall to the PSI, the arguments of counsel for Hall and the government, concurred in the guidelines range determined in the PSI, and sentenced Hall to 280 months imprisonment. This appeal followed.

Hall raises five issues on appeal: (1) the evidence at trial was insufficient to sustain his convictions, (2) he received ineffective assistance of counsel because, although the evidence was "grossly insufficient," counsel failed to move for a judgment of acquittal either before the case was submitted to the jury or after the jury rendered its verdict, and had counsel done so, that motion would likely have been successful, (3) the District Court abused its discretion in failing to grant his motion to sever, (4) the prosecutor engaged in misconduct during closing argument, and (5) the guidelines were applied without any consideration of mitigating factors under 18 U.S.C. § 3553(a).

"'The verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it.'" United States v. Wasserson, 418 F.3d 225, 237 (3d Cir. 2005) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)). We are satisfied, given our thorough review of the record, that substantial evidence supported the verdict here and that no further discussion is necessary.

Hall's ineffective assistance of counsel claim also lacks merit. To prove ineffective assistance of counsel, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Taylor v. Horn, 504 F.3d 416, 430 (3d Cir. 2007). Courts of

4

appeals generally do not review ineffective assistance of counsel claims on direct review because the record is not sufficient to make a determination.  United States v. Olfano, 503 F.3d 240, 246 (3d Cir. 2007).  We need not defer review here, however, because there is little or no probability that, in light of the evidence against Hall, the District Court would have granted a motion for judgment of acquittal had that motion been made by counsel.

Hall argues, next, that the District Court abused its discretion when it denied his motion to sever.  A court should only grant a motion to sever when there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005).  A defendant has a "heavy burden" to show that there was "substantial prejudice resulting in a manifestly unfair trial."  Id.  Hall argues that (1) even though Womack and Austin, who faced gun charges, were no longer in the case, the gun remained in evidence and the prosecutor made a reference to the gun in the closing argument, (2) the jury inferred from Womack's guilty plea that she had previously lied about her involvement and this knowledge prejudiced it against his identical claim that he also had no involvement, and (3) because Womack did not wish to testify in her own defense, if Hall had not been tried with Womack, she would have testified that he had not been in the car.  Hall has not met his heavy burden.  The gun was relevant to whether the drugs were possessed with intent to distribute, its possession was charged in the indictment as an overt act, the jury was not told that Womack had pleaded

5

guilty, and Hall produced four other witnesses who, though apparently and not surprisingly were not believed by the jury, testified to his innocent bystander defense, and Womack, the District Court noted, nowhere indicated her willingness to testify on Hall's behalf.

We also reject Hall's argument that there was no evidence to support the prosecutor's description of him in closing argument as a "kingpin" who was "in charge" and the statement that Austin was "running and doing errands for him or doing deliveries." As we noted above, there was testimony that only a high-level participant in the drug conspiracy would have been sitting in the back seat of a car next to $200,000 of cocaine, and that Austin was outside the car with a brick of cocaine which the jury was entitled to believe he was about to deliver. We see no error, much less the plain error Hall was required to show given that he did not object at trial. United States v. Brennan, 326 F.3d 176, 182 (3d Cir. 2003).

Finally, Hall challenges his sentence, arguing that because the District Court "looked primarily" at the guidelines and did not consider his age, the fact that he was a lifelong drug addict, or other mitigating factors, the sentence he received was greater than necessary to achieve the goals of sentencing. We review a sentence for reasonableness, which requires us to ensure that the District Court gave meaningful consideration to the § 3553 factors. United States v. Jiminez, 513 F.3d 62, 90 (3d Cir. 2008). It is clear from the record that the Court considered all of the relevant § 3553 factors and that the

sentence, in the middle of the guidelines range, was reasonable. The Court clearly believed, however, that the most important factors were the large amount of drugs involved, Hall's extensive criminal history, the need for just punishment, and the need to protect the citizens of Philadelphia by getting Hall of the streets.

We will affirm.