

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2008

# USA v. Batista-Augstin

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2703

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Batista-Augstin" (2008). *2008 Decisions*. Paper 792.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/792

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2703

———————

UNITED STATES OF AMERICA

v.

ALCEDO BATISTA-AUGUSTIN,
                              Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 07-cr-00016)
District Judge:  The Honorable Faith S. Hochberg

———————

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2008

———————

Before: SLOVITER, BARRY and ROTH, Circuit Judges

(Opinion Filed: July 25, 2008)

———————

OPINION

———————

BARRY, Circuit Judge

　　Alcedo Batista-Augustin appeals the 46 month term of imprisonment imposed

upon him for illegal reentry after deportation subsequent to a conviction for an aggravated

felony.  We will affirm.

**I.**

Appellant came to the United States from the Dominican Republic in 1987. In 1990, he was convicted of possession of a controlled dangerous substance with intent to distribute and sentenced to five years of probation. In 1992, he was convicted of the aggravated sexual assault of a child less than thirteen years of age in violation of N.J. Stat. Ann. § 2C:14-2(a)(1) and sentenced to eight years imprisonment. In August of 1996, he was paroled and deported to the Dominican Republic, but returned to the United States without permission in 2001. In 2003, he was convicted of possession of a controlled dangerous substance and sentenced to four years of probation. On October 21, 2005, he was apprehended by immigration authorities.

Pursuant to a plea agreement, appellant pled guilty to illegal reentry after deportation subsequent to a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The Magistrate Judge accepted the plea and issued a report and recommendation, which the District Court adopted by order dated February 9, 2007. In a Letter Memorandum submitted prior to sentencing, appellant agreed that the sentencing range under the Sentencing Guidelines ("Guidelines") was 46-57 months imprisonment and did not seek a downward departure. However, he requested a "modest" variance from the agreed-upon range based upon, among other factors, the "deplorable" conditions at the Passaic County Jail ("PCJ") where he had been detained for 18 months. He argued that those conditions "rendered his sentence harsher than

2

necessary to satisfy the relevant purposes of sentencing," and the detention "far more punitive and less conducive to the rehabilitative purposes of sentencing." App. at 63-64. He also argued that his motivation for returning to the United States justified a "measure of leniency," because he returned here to work and because much of his family was here, including his mother who was gravely ill. Id. at 63.

At the sentencing hearing, the District Court confirmed that there were no departure requests and stated that it would therefore begin its analysis at step three of United States v. Gunter, 462 F.3d 237 (3d Cir. 2006), and would consider appellant's request for a variance under § 3553(a). In addition to those factors appellant had earlier asked the Court to consider, he asked the Court to take into account the fact that, despite the danger of deportation, he voluntarily registered as a sex offender under Megan's Law; his prior substance abuse; his attempts to maintain steady employment while in the United States; and his mistaken belief that he could return to the United States after five years.

After hearing the parties' arguments, the District Court stated that

[w]ith respect to the Passaic County Jail, the conditions described there do apply to all the prisoners, there's nothing that indicates that they weren't typical conditions applicable to all prisoners and, therefore, I don't find that to be a basis for a variance . . . .

App. at 30. The Court also stated that it was sympathetic with regard to appellant's concern for his sick mother and his erroneous belief that he could return to the United States (although it noted he had been warned of the consequences of any illegal reentry), and that it was commendable that he had reported under Megan's Law. The Court

3

concluded that it would not grant a variance, but would consider these factors within the agreed-upon Guidelines range. The Court sentenced appellant to 46 months imprisonment, the bottom of that range.

Appellant filed a timely notice of appeal.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291.

We review a sentence for reasonableness. United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007). There is a presumption of reasonableness when, as here, the sentence is within the Guidelines range. Rita v. United States, 127 S. Ct. 2456, 2465-66 (2007); United States v. Olfano, 503 F.3d 240, 245 (3d Cir. 2007). "[T]hose sentences that are within the Guidelines range are more likely to be reasonable than those that fall outside [the] range." Olfano, 503 F.3d at 245.

## III.

Appellant argues that the District Court failed to adequately consider his argument that the conditions at PCJ rendered his sentence more punitive than necessary to satisfy the relevant § 3553(a) factors and the relevant purposes of sentencing. While the Court did not explicitly rule on this specific argument, concluding instead that the conditions in which appellant was housed were not "sufficiently unusual," id. at 20, it is clear that the Court considered the issue as framed by appellant given that it had read the lengthy

4

memoranda which discussed it, heard argument on it at the sentencing hearing, and did not find that a variance was warranted because of it. Moreover, the Court explained why it rejected appellant's other reasons in support of a variance, noting that it would take them into account in imposing a sentence within the Guidelines range.

We also reject appellant's argument that the record reveals the "strong possibility" that the District Court held his variance request to the standard applicable to departure requests. Specifically, appellant argues that the Court's finding that the conditions were not "unusual" or "atypical" suggests that the Court was applying the departure standard, because "extraordinariness," which is not a prerequisite for granting a variance, see Gall v. United States, 128 S. Ct. 586, 595 (2007), is at the heart of the departure framework.[1] Although the Court may have used language similar to that used by courts ruling on departure requests, it is clear that the Court understood that appellant sought a variance under § 3553(a) when it confirmed that there were no departure requests, and knew that it had the discretion to grant a variance. There is no evidence to suggest that the Court relied on anything other than its discretion when it denied appellant's request for a variance and sentenced him to the bottom of the Guidelines range.

For the above reasons, we will affirm the judgment of sentence.

---

[1] Appellant also notes that in its Statement of Reasons, the District Court stated that "the court finds no reason to depart from the sentence called for by application of the guidelines." This statement, however, taken in the context of the Court's discussion at the sentencing hearing, does not lead us to conclude that the Court applied an improper standard.