

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2009

# USA v. Ronald George

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2241

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Ronald George" (2009). *2009 Decisions.* Paper 1899.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1899

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2241
_____

UNITED STATES OF AMERICA

v.

RONALD GEORGE,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cr-335)
District Judge: Honorable David Stewart Cercone

_____

Submitted Under Third Circuit LAR 34.1(a)
February 2, 2009

Before:   RENDELL, JORDAN and ROTH, *Circuit Judges*,

(Filed: February 9, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

We are asked to determine whether the District Court committed a procedural error

during sentencing, either by failing to consider some of the sentencing factors under 18

U.S.C. § 3553(a), or by failing to acknowledge and respond to two of Defendant Ronald

George's sentencing arguments. Because the District Court's sentencing statement was sufficient, we see no procedural error and will affirm George's sentence.

I.     Background

George was indicted on, and eventually pled guilty to, 20 counts of mail fraud, in violation of 18 U.S.C. § 1341. Through a business called Canal Financial Enterprises, George told clients that he was investing their money in safe financial instruments, such as annuities, when in fact he used and lost their money in much riskier "day trading" investments. To further his scheme, George used the United States Postal Service to send his clients falsified annuity statements and other letters regarding the fabricated investments.

Following George's guilty plea, the Presentence Investigation Report ("PSR"), which used the 2007 version of the United States Sentencing Guidelines ("Guidelines"), set George's total offense level at 20 and classified his criminal history as Category I. Accordingly, the Guidelines sentence for George's convictions included 33 to 41 months' imprisonment.

George did not object to the PSR's Guidelines calculation. He did, however, present mitigating arguments through a position paper, a sentencing memorandum, and a personal letter to the Court. George related that he began his day trading following his doctor's devastating prognosis that prostate cancer would likely take his life within two

years.[1]  George argued that a downward variance to a sentence in the 10-to-16-month range would be appropriate because of his need to care for his family, including his wife, who has multiple sclerosis, his grandsons, and his elderly mother.[2]  He also asked the Court to take into account his age (George was 69 at the time of sentencing), his life-long and steady history of lawful employment, and his four years of military service.  In making his sentencing arguments, George emphasized the need for the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  (App. 46 (quoting § 3553(a)(1)).)  At the sentencing hearing, George briefly highlighted his care of his wife and mother, his age, and a number of letters written on his behalf, but elected to make no further remarks.

After hearing from the prosecutor and two of George's victims, the District Court sentenced George to 34 months' imprisonment followed by a three-year period of supervised release for each of the 20 counts, to be served concurrently, and ordered that he pay restitution to the victims in the amount of $712,564.92.

George timely appealed.  He argues that the District Court committed procedural error by failing to meaningfully consider two of his arguments for a downward variance,

---

[1]George also informed the District Court that his cancer went into remission in 2001.

[2]A 10-to-16-month sentence would have been a "Zone C" sentence, which would have made George eligible to serve no more than half of his sentence through community confinement or home detention.  U.S. Sentencing Guidelines Manual § 5C1.1(d)(2) (2007).

3

namely, the health conditions of his wife and mother and his belief that he had little time to live.

II.     Discussion[3]

We review a criminal defendant's sentence for reasonableness. *Gall v. United States*, --- U.S. ---, 128 S.Ct. 586, 594 (2007). Our review begins by determining whether the District Court made any "significant procedural errors," such as "failing to consider the § 3553(a) factors." *Id.* at 597. If necessary, we then review the substantive reasonableness of the sentence. *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). George does not contend that his sentence is substantively unreasonable. Thus, our focus is on whether the District Court committed any significant procedural errors.

Relying on our decision in *United States v. Ausburn*, 502 F.3d 313 (3d Cir. 2007), George argues that the District Court committed a patently unreasonable procedural error by failing to address two of his sentencing arguments. He contends that a district court must "'acknowledge and respond to'" any non-frivolous request for a variance. (Appellant's Opening Brief at 16 (quoting *Ausburn*, 502 F.3d at 329).)

Our decision in *Ausburn*, however, is unhelpful to George. Ausburn received a sentence that was more than double the top end of the advisory Guidelines range. 502 F.3d at 315. George's sentence, in contrast, was near the low end of the advisory range.

_____

[3]The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over George's appeal following the District Court's final judgment of conviction and sentence pursuant to 28 U.S.C. § 1291.

When a district court imposes such a sentence, we need not insist "upon a full opinion." *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2468 (2007). Instead, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Id.*; *see also United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007) (citing *Rita* for the proposition that a presumption of reasonableness is permissible for sentences within the Guidelines range).

Although the District Court's explanation was brief, the record here adequately indicates that the Court considered each argument George made, as well as the section 3553(a) factors. Among other things, the Court addressed the nature and circumstances of the offense, stating that "while I understand the mitigation that the defense presents, on the other side, you know, what the defendant did in this case has shattered the financial stability of some very fine people, these people that should be entering the stage of their life where they should have security." (App. 58-59.) As to George's history and characteristics, the Court said: "His life's not over. And he's not – he's probably in the third quarter. But when he comes out and does his debt, he can go on with his life. But, it's time to pay for what he has done to others." (App. 59.) That statement speaks partially to the two arguments George presses on appeal. Finally, the Court acknowledged that it considered the other section 3553(a) factors, remarking that this "is not a particularly hard case," (App. 58), that George must "make as much restitution as he

can," (App. 59), and that the sentence reflected "the need to satisfy all of the important and traditional goals of sentencing, which include punishment, protection of others from potential harm, as well as the need to rehabilitate the defendant." (App. 63.)

In reviewing this sentence, which was within the Guidelines range, we decline to further parse the District Court's statements. It is enough to observe, as we have, that the Court's comments and rulings sufficiently addressed the particular section 3553(a) factors to which George's arguments were directed.

III. Conclusion

For the foregoing reasons, we will affirm the judgment of sentence.