OPINION OF THE COURT
JORDAN, Circuit Judge.
Sonya Fetterhoff pled guilty in the United States District Court for the Middle District of Pennsylvania to making false statements to a government agency, in violation of 18 U.S.C. § 1001, and was sentenced to 18 months in prison. On appeal, she contends that her sentence is substantively unreasonable. Because the District Coui-t imposed a reasonable sentence, we will affirm.
I. Background
From 1998 to March 2003, Fetterhoff served as Director of Administrative Services for the Mental Health Association of the Capital Region (the “Mental Health Association”), an organization that serves mentally disabled individuals in Cumberland County, Pennsylvania. As part of its services, the Mental Health Association acts as a representative payee for disabled individuals who receive Social Security benefits. It then disperses the money to help those individuals meet their personal, medical, and financial needs.
From March 2002 to March 2003, Fet-terhoff used her position at the Mental Health Association to divert for her personal use approximately $33,000 from the accounts of ten different disabled individuals. The Mental Health Association eventually discovered Fetterhoffs misdeeds and reported them to the Social Security Administration. On March 14, 2007, a grand jury returned an indictment charging Fetterhoff with eight different counts, each relating to the misappropriation of Social Security funds. Fetterhoff eventually pled guilty to a superceding information charging her with a single count of making false statements to agencies of the United States government, in violation of 18 U.S.C. § 1001.
The United States Probation Office issued a Presentence Report calculating Fetterhoffs offense level and Guidelines range. It began with a base offense level of six. It then added six levels because the amount of loss was more than $30,000. Two levels were added because there were ten or more victims. Two more levels were added because of the vulnerability of the victims, and another two levels were added because Fetterhoff had abused a position of trust. Three levels were subtracted because of her acceptance of responsibility, leaving Fetterhoff with an offense level of 15. Because she had a Criminal History level of I, Fetterhoffs offense level yielded a sentencing range of 18 to 24 months.
*783 At the sentencing hearing, Fetterhoff withdrew her objections to the Presen-tence Report and argued for a variance based on various health problems she claimed to have. Her physical ailments allegedly include fibromyalgia, stage two liver disease, diabetes, a cardiac condition, and cervical back pain. She also says she suffers from depression and anxiety.
The District Court considered Fetter-hoffs argument and sentenced her to 18 months in prison. In explaining the sentence, the District Court directly addressed Fetterhoffs argument for a variance based on her health. “Mrs. Fetter-hoff has a history of depression and anxiety, and she suffers from numerous health problems. These factors have been taken into consideration in sentencing at the low end of the guideline range.” (App. II 69.) The Court also sought to allay Fetterhoffs concern about receiving adequate medical care in prison, saying “the Court is, from past experience, aware that the federal prison will adequately take care of her medical needs, and if there is a problem, contact can be made to me for any interference or intervention that may be necessary.” (App II 70.) The Court further explained that a sentence of 18 months was warranted due to the egregious nature of Fetterhoffs crime and the Court’s concern that Fetterhoff did not understand the seriousness of her offense.
Fetterhoff filed a timely notice of appeal and contends that her sentence is substantively unreasonable.[1]
II. Discussion[2]
We review the substantive reasonableness of a sentence under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Under this standard, “if the district court’s sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” United States v. Tomko, 562 F.3d 558, 568 (3d Cir.2009).
Fetterhoff received a sentence within the Guidelines range. . As the United States Supreme Court has noted, “by the time an appeals court is considering a within-Guidelines sentence on review, both the sentencing judge and the Sentencing Commission will have reached the same conclusion as to the proper sentence in the particular case.” Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2463, 168 L.Ed.2d 203 (2007). Based on this double determination, we have observed that “sentences that are within the Guidelines range are more likely to be reasonable than those that fall outside [the] range.” United States v. Olfano, 503 F.3d 240, 245 (3d Cir.2007); see Rita, 127 S.Ct. at 2463 (“That double determination significantly increases the likelihood that the sentence is a reasonable one.”)
Fetterhoff argues that her sentence is unreasonable in view of her serious health problems. We disagree. The District Court clearly considered Fetterhoffs health in crafting its sentence and explained that the 18 month prison term was warranted due to the egregiousness of Fetterhoffs crime and the Court’s concern that she did not understand the seriousness of her offense. That was sufficient.
*784 III. Conclusion
Based on the reasons provided by the Court, Fetterhoffs sentence is substantively reasonable. Accordingly, we will affirm.

. Fetterhoff does not challenge the procedural reasonableness of her sentence.

. The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291.