OPINION OF THE COURT
HARDIMAN, Circuit Judge.
Lisa Reed appeals her judgment of sentence, claiming that her guilty plea was invalid. We will affirm.
I.
As we write for the parties, we summarize only the essential facts.
In April 2005, Reed and Glenny Coleman, III- — using the fictitious name “Eugene Adams” and a false social security number — applied for a car loan from Uni-vest National Bank & Trust Company. In reliance upon the false information, Uni-vest made a car loan of $38,339, which Reed and Coleman used to purchase a 2002 Cadillac Escalade from Paul Burns Auto Center in Langhorne, Pennsylvania. Reed then obtained insurance for the car in her name and in the name of Eugene *677 Adams. Reed attempted to make only one car payment, but was unsuccessful in doing so because she used a fraudulent check.
Following her indictment on eleven counts, Reed pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count One) and aiding and abetting aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2 (Count Two). The District Court sentenced Reed to 45 months imprisonment, which was comprised of a bottom-of-the-Guidelines sentence of 21 months incarceration at Count One and a mandatory consecutive sentence of 24 months incarceration at Count Two.
On appeal, Reed principally claims that her guilty plea was invalid because it lacked sufficient factual basis. Reed also argues that she neither read nor saw the plea agreement prior to the plea hearing, and that her counsel led her to believe that if she pleaded guilty to illegally possessing a 2002 Escalade, all other charges would be dropped and she would not be incarcerated. Although Reed admits that she accompanied Coleman to the Paul Burns Auto Center and knew that Coleman obtained a Cadillac Escalade by using a pseudonym and a false social security number, she now claims she was unaware of any relevant conduct attributed to her in the Presentence Investigation Report (PSR). Because Reed failed to object to the PSR, we review for plain error. See United States v. Lessner, 498 F.3d 185, 196 (3d Cir.2007).
II.
Rule 11 of the Federal Rules of Criminal Procedure — which prescribes the manner in which a guilty plea is to be entered — requires a district court to advise the defendant of her right to trial and ascertain that she is entering into a guilty plea knowingly and voluntarily. Moreover, “the court must determine that there is a factual basis for the plea.” Fed. R.Crim.P. 11(b)(3). Here, the record demonstrates that the District Court carefully adhered to the requirements of Rule 11 in accepting Reed’s guilty plea.
At the plea hearing, the District Court informed Reed of her right to a trial, and asked a series of questions to ensure that her plea was voluntary, knowing, and intelligent. Once Reed was deemed competent, she attested that she received and read her indictment and discussed the case with her counsel.
Although she neither saw nor read the plea agreement prior to the day of her hearing, Reed testified that she read it that day and had the opportunity to discuss it with her counsel prior to signing the document. Reed said that she understood how the Sentencing Guidelines worked, and understood that neither the Guidelines nor the signed plea agreement was binding on the District Court, which remained free to impose a more severe sentence than what she and her counsel may have anticipated.
The District Court then described the maximum penalties for Counts One and Two and described the elements that the Government would have to prove at trial if Reed decided to withdraw her guilty plea. Reed acknowledged that she and Coleman purchased a 2002 Cadillac Escalade with the false name of Eugene Adams, a false social security number, and $38,000 she had obtained by providing false information to Univest National Bank & Trust Company. The Government presented its summary of the same events, and Reed accepted the Government’s summary without objection or amendment. Reed then pleaded guilty to both counts.
*678 Based on the information presented at the hearing, there are sufficient facts to support Reed’s guilty plea as to both counts of the Indictment. The conduct described in the record is adequate to establish the elements of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, which requires that: (1) two or more persons agreed to commit bank fraud; (2) the defendant knowingly and voluntarily joined in the conspiracy; and (3) a member of the conspiracy performed an overt act for the purpose of advancing the conspiracy.
The facts of record also suffice to establish the elements of aiding and abetting aggravated identity theft in violation of 18 U.S.C. § 1028A, which requires: (1) a person knowingly used, without lawful authority, a means of identification of another person; (2) the person used the means of identification during and in relation to certain enumerated crimes (here, the conspiracy to commit bank fraud); (3) the defendant knew that the crime was being committed; (4) the defendant helped to commit the crime; and (5) the defendant intended to help commit the crime. Accordingly, Reed’s argument that her guilty plea lacked a factual basis is unpersuasive.
III.
Throughout her brief Reed alleges various acts of misfeasance by her prior counsel that are tantamount to ineffective assistance of counsel. We will not consider this argument on direct appeal as the record is insufficient to allow disposition of Reed’s ineffective assistance of counsel argument at this time. See United States v. Headley, 923 F.2d 1079, 1083 (3d Cir.1991). Reed remains free to raise this argument via petition pursuant to 28 U.S.C. § 2255. United States v. Olfano, 503 F.3d 240, 246 (3d Cir.2007).
IV.
Reed also claims for the first time on appeal that the District Court lacked venue because her crimes were committed in Pennsylvania, not Delaware. Even if Reed’s venue argument had a valid basis in fact—which is dubious at best because Reed admitted in her plea agreement that her conduct occurred “in the District of Delaware and elsewhere”—we find that Reed’s argument fails as a matter of law because she waived any venue objection that she might have asserted. To be timely, a defendant must object to venue prior to a guilty verdict, or in this case, prior to the entry of a valid guilty plea. United States v. Robinson, 167 F.3d 824, 829 (3d Cir.1999).
V.
In sum, Reed has not shown that the District Court committed any error, let alone plain error. Accordingly, we will affirm the judgment of the District Court.