**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2893
_____

UNITED STATES OF AMERICA

v.

DARREN CEPHAS,
             Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00163-001)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit LAR 34.1(a)
January 24, 2011

Before:  McKEE, Chief Judge, RENDELL and STAPLETON, Circuit Judges.

(Opinion Filed: February 3, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Darren Cephas appeals from his conviction of, and sentence for, three offenses involving the possession of cocaine and a firearm.  He was convicted by a jury and thereafter sentenced by the District Court to the mandatory minimum of 120 months on the drug count, a concurrent sentence of 13 months on the charge of being a felon in

possession of a firearm, and a mandatory consecutive term of 60 months for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

Cephas raises two arguments on appeal, one of which has been foreclosed by the recent opinion of the United States Supreme Court in United States v. Abbott, 131 S. Ct. 18 (2010). There, the Supreme Court held that the 5 year mandatory sentence set forth in 18 U.S.C. § 924(c) must run consecutively to any other mandatory sentence provided by statute (subject to an exception not applicable here). *Id.* at 23. Accordingly, Cephas's argument that the language of 18 U.S.C. § 924(c)(1)(A) should be interpreted such that the five year maximum does not apply to a defendant subject to a ten year mandatory minimum for the same drug transaction, must fail.

Cephas also challenges the District Court's denial of his request for an additional continuance to secure the presence of a "star witness," which, he urges, resulted in a miscarriage of justice. Cephas posits that because the government's case against him was based on his being the sole occupant of the house where the contraband was seized, it was essential that the witness be allowed to testify that she and Brian Bradley had a relationship at that house, that she saw Bradley with a dark book bag, and that Bradley was shot and killed a few days after the police search and seizure at the house.

In the afternoon of the second day of trial, the District Court granted a request to continue the trial until the next morning so the witness could be present. Counsel stated that if he could not then produce the witness, he would rest. The next morning defense

2

counsel requested a further continuance stating that the witness was still unavailable, but he did not indicate when she could be produced. The Court noted counsel's previous statement that if the witness was not present he would proceed, and denied a further continuance. Counsel did not protest this ruling.

We review the District Court's ruling for abuse of discretion and find no abuse. *See United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007). The District Court's decision to hold counsel to his previous representation was reasonable. Moreover, counsel did not indicate when the witness could be present, nor how she was unavailable, thus leaving the Court with the prospect of an open-ended continuance, with attendant delay, and inconvenience to the jurors. In addition, counsel did not protest the Court's ruling or offer further argument or information as to the need for her testimony, or when she could be produced. Also, this testimony would have been cumulative of other evidence in the record that Cephas had rented the house to Bradley and Cephas was not living there at the time in question.

We conclude that the District Court's refusal was not unreasonable. To the contrary, given counsel's lack of knowledge as to the witness's whereabouts and availability, it would have been unusual, if not unreasonable, for the Court to grant an open-ended continuance, especially after counsel had indicated a willingness to proceed without her the previous day. Accordingly we find no abuse of discretion by the District Court, and we will affirm the judgment of conviction and sentence.

3