NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2095
_____

UNITED STATES OF AMERICA

v.

SEAN N. HEALY,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-09-cr-00319-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2011

Before:  RENDELL and AMBRO,  Circuit Judges
and JONES, II,∗ District Judge.

(Opinion Filed: November 17, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant Sean Healy appeals his criminal sentence, contending that it was

procedurally and substantively unreasonable for a number of reasons.  Healy failed to

_____

∗ The Honorable C. Darnell Jones, II, District Judge for the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

1

raise the objections he now raises before us at the sentencing hearing; therefore, we review the sentence for plain error. *United States v. Heckman*, 592 F.3d 400, 404 (3d Cir. 2010). We will affirm.

Facts and Procedural History

Healy executed a Ponzi-type scheme between 2003 and 2009 that defrauded seventy-two people out of approximately $16 million. After one investor discovered Healy's scheme, he filed a civil suit against Healy and alerted the United States Attorney's Office in Harrisburg to the potentially criminal activity.

Healy was deposed in connection with the civil litigation. During the deposition, he made false statements concerning investments he made on behalf of his clients. Healy also created fraudulent records to prove he was making sound investments for them. In addition to providing the fraudulent records to the plaintiffs during the course of the civil litigation, Healy provided the fraudulent records to the U.S. Attorney's Office in Harrisburg. In turn, those records were provided to the grand jury in connection with their investigation of Healy's activities with Pennsylvania investors.

On October 9, 2009, Healy was indicted on multiple counts of wire fraud, mail fraud, money laundering, unlawful monetary transactions, and obstruction of justice. Healy made his initial appearance on October 15, 2009, and entered a plea of not guilty. He was released on bail subject to various conditions, including refraining from the use of drugs or other controlled substances. At this time, Healy tested positive for cocaine and amphetamines. A probation officer asked Healy about recent drug use, and Healy responded that he had not ingested illegal drugs for the past six months.

Pursuant to a plea agreement, on November 23, 2009, Healy entered a guilty plea on three counts: counts two, sixteen and twenty-four of the indictment. Counts two and sixteen charged violations of 18 U.S.C. § 1343 (wire fraud), and count twenty-four charged a violation of 18 U.S.C. § 1957 (money laundering). Under the terms of the plea agreement, at the sentencing hearing the Government would recommend a sentence of 121 months' imprisonment, the calculation of which included a 3-point reduction for acceptance of responsibility pursuant to § 3E1.1 of the Sentencing Guidelines Manual.

On two subsequent occasions, Healy tested positive for cocaine. At his bail revocation hearing in January 2010, Healy denied using cocaine any time after he initially pled not guilty, but did admit to using cocaine a few days prior to his initial appearance. The District Court revoked Healy's bail.

The Probation Office's presentence report ("PSR") recommended a sentence of 188-235 months' imprisonment, the calculation of which included a 2-point enhancement for obstruction of justice pursuant to § 3C1.1, and specifically did not include an acceptance of responsibility credit pursuant to § 3E1.1. This sentence was calculated properly under the Guidelines.[1] The PSR recommended the obstruction of justice enhancement based on Healy's false deposition testimony in connection with the civil suit and his providing false records to the U.S. Attorney's Office. The PSR declined to

---

[1] The Guidelines calculation was as follows: § 2B1.1(a)(1) (base offense level for wire fraud): 7; § 2B1.1(b)(1)(K) (financial loss): 20; § 2B1.1(b)(2)(B) (number of victims greater than fifty): 4; § 2B1.1(b)(9)(C) (use of sophisticated means): 2; § 2S1.1(b)(2)(A) (conviction under § 1957): 1; § 3C1.1 (obstruction of justice): 2. Total offense level: 36. For an offense level of 36 and criminal history category of I, the Guidelines recommend a sentence of 188-235 months' imprisonment.

recommend an acceptance of responsibility credit because "the defendant obstructed justice and, while on pretrial release, twice tested positive for the presence of cocaine." (PSR ¶ 30.)

At the sentencing hearing on March 31, 2010, neither the Government nor Healy objected to any of the facts found in the PSR, and the District Court adopted the PSR without change. Healy asked the District Court to sentence him to 121 months' imprisonment, as set forth in the plea agreement. The District Court declined to do so, and sentenced Healy to 188 months' imprisonment, restitution in the amount of approximately $16 million, three years supervised release, and a $300 assessment.

Healy timely appealed his sentence on April 12, 2010.

## Discussion

Healy raises three arguments to support his contention that the 188-month sentence was procedurally unreasonable. First, he contends that it was procedurally unreasonable to enhance the sentence for obstruction of justice pursuant to § 3C1.1 of the Guidelines. Second, he contends that it was procedurally unreasonable not to apply the reduction for acceptance of responsibility pursuant to § 3E1.1. Third, he contends that it was procedurally unreasonable because the District Court failed to consider meaningfully the defendant's history and characteristics as required by 18 U.S.C. § 3553(a)(1).[2] Next, Healy asserts that the 188-month sentence was substantively unreasonable. All of these contentions are without merit.

---

[2] 18 U.S.C. § 3553(a)(1) provides that a sentencing court shall consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant."

4

When reviewing sentences for procedural reasonableness, we will find procedural error if the district court has erred by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The Obstruction of Justice Enhancement:  Healy contends that applying the obstruction of justice enhancement was procedurally unreasonable because the fact supporting its application – false testimony in a civil deposition – occurred prior to the start of the Government's investigation.  But Healy fails to acknowledge that the obstruction enhancement was also based on his supplying false documents to the U.S. Attorney's Office, which were considered by the grand jury.

Section 3C1.1 provides that "obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction."  § 3C1.1, n.1.  Furthermore, the commentary includes as examples of conduct that warrants application of this enhancement both "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding" and "committing, suborning, or attempting to suborn perjury, including during the course of a civil proceeding if such perjury pertains to conduct that forms the basis of the offense of conviction."  *Id*. at n.4. Both Healy's false testimony in the civil deposition and providing false documents to the

5

U.S. Attorney's Office fall squarely within these examples. Accordingly, the District Court did not commit plain error when applying the obstruction of justice enhancement.

The Acceptance of Responsibility Credit: Healy contends that the District Court should have applied the acceptance of responsibility credit because his having twice tested positive for cocaine and obstructed justice prior to commencement of the investigation does not form a proper basis upon which to deny it.

The Guidelines state that "conduct resulting in an enhancement under § 3C1.1 ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." § 3E1.1, n.4. This note alone provides an adequate basis upon which to deny Healy the credit. Furthermore, illegal drug use is also an appropriate reason to deny the credit. *See United States v. Ceccarani*, 98 F.3d 126, 131 (3d Cir. 1996) (holding positive drug tests may be considered by the sentencing judge when deciding whether to grant the acceptance of responsibility credit). Accordingly, the District Court did not commit plain error in declining to apply the acceptance of responsibility credit.

Consideration of Healy's History and Characteristics: Healy contends that the District Court did not meaningfully consider the § 3553(a) factors because it ignored some of his characteristics, namely his continued need for medical and psychological treatment and his cooperation with the Securities and Exchange Commission in forfeiting assets to compensate victims.

The district court need not discuss and make a finding as to each of the § 3553(a) factors if the record makes clear that the court took the factors into account in sentencing. The district court need neither raise every relevant issue on its own during sentencing,

6

nor must it discuss every argument made by a litigant if an argument is clearly without merit. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010).

First, the District Court was aware that the SEC possessed much of Healy's assets. *See* App. 185a ("It is the understanding that the U.S. Securities and Exchange Commission is in possession of all items seized and/or forfeited . . . ."). Second, the PSR discussed extensively Healy's medical history, and the District Court based its sentence on the findings in the PSR by adopting it without change. The District Court furthermore considered the fact that Healy had a difficult childhood, a family, and bipolar disorder when deciding on the appropriate sentence. Accordingly, the District Court did not commit plain error because it meaningfully considered Healy's history and characteristics.

Substantive Reasonableness: Healy contends that his sentence is substantively unreasonable because the District Court applied the obstruction of justice enhancement, declined to apply the acceptance of responsibility credit, and did not consider meaningfully his history and characteristics. He also argues that the District Court's failure to follow the Government's 121-month sentence recommendation was substantively unreasonable.

If the district court's sentence is procedurally sound, this Court will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided. *United States* v. *Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Sentences falling within the advisory

7

Guidelines range are more likely to be reasonable than those falling outside of that range. *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007).

Here, the District Court's Statement of Reasons adequately explained why it decided on a 188-month sentence, which was at the lower end of the sentencing range. The District Court adopted the PSR in full, which provided additional support for the 188-month sentence. Furthermore, the District Court was under no obligation to follow the 121-month sentence recommendation in the plea agreement. Accordingly, the sentence was substantively reasonable.

## Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.