

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2009

# USA v. Alex Hetherington

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2564

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Alex Hetherington" (2009). *2009 Decisions.* Paper 1382.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1382

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2564
_____

UNITED STATES OF AMERICA

v.

ALEX HETHERINGTON,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-07-cr-00596-1)
District Judge:  Honorable William H. Walls
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2009

Before:  SCIRICA, *Chief Judge*, SLOVITER and FISHER, *Circuit Judges*.

(Filed: May 11, 2009 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Alex Hetherington pleaded guilty to conspiracy to distribute and possess with

intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 for

which he was sentenced to 312 months of imprisonment.  On appeal, Hetherington argues

that the District Court did not give meaningful consideration to his extensive cooperation as a factor warranting a variance and as a result his sentence is unreasonable. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

The conviction in this case stems from Hetherington's involvement in a large-scale drug trafficking organization based in Mexico. On February 27, 2007, Hetherington was arrested in a parking lot in Carlstadt, New Jersey while he was in the process of transferring 212 kilograms of "sham" cocaine from a co-conspirator's vehicle to his own vehicle (unbeknownst to him, law enforcement officers had discovered the actual cocaine and replaced it with a cocaine-like substance as part of a controlled delivery). Hetherington received *Miranda* warnings upon arrest but indicated his willingness to cooperate. In the days following his arrest, Hetherington made numerous monitored phone calls in an unsuccessful effort to obtain the three million dollars which constituted his payment for delivery of the cocaine so that the Government could seize the money. As a result of other monitored calls, Hetherington helped law enforcement officers seize sixty-four pounds of methamphetamine, which led to the arrest of two other individuals who worked with Hetherington.

On January 29, 2008, pursuant to a written agreement, Hetherington pleaded guilty to a one-count superseding indictment which charged him with conspiring with others to distribute and possess with intent to distribute five kilograms or more of cocaine contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii) and in violation of 21 U.S.C. § 846.  In the plea agreement, Hetherington stipulated that the amount of cocaine involved in his offense was 212 kilograms.  Hetherington's base offense level of thirty-eight was adjusted upwards four levels because of his leadership role in the offense and was reduced three levels because of his acceptance of responsibility, thus resulting in a total offense level of thirty-nine.  This offense level, combined with a criminal history in category I, yielded a Guidelines range of 262 to 327 months of imprisonment.

At sentencing on May 12, 2008, the Government did not move for a departure pursuant to U.S.S.G. § 5K1.1 because it believed Hetherington was not completely truthful and forthright about his criminal activities, and Hetherington did not challenge the Government's decision not to request a downward departure.  Hetherington did argue that a variance from the Guidelines range was warranted in light of his cooperation as well as his work as a missionary for two years in Honduras.  The District Court sentenced Hetherington to 312 months of imprisonment, five years of supervised release, and a special assessment of $100.  Hetherington timely appealed his judgment of sentence.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction to review the District Court's judgment of sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review sentences for both procedural and substantive reasonableness under an abuse of discretion standard pursuant to *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

III.

Hetherington argues that the District Court did not give meaningful consideration to his "extensive cooperation" with the Government as a mitigating factor under 18 U.S.C. § 3553(a)(1). Hetherington contends that the District Court rejected his arguments for a variance on the basis of his cooperation because of the Government's decision not to request a downward departure under U.S.S.G. § 5K1.1. The Government responds that the District Court acted within its discretion when it considered and rejected the variance arguments because Hetherington's cooperation was not "outside of the mainstream of cooperation."

Our post-*Booker* precedent instructs district courts to follow a three-step sentencing process which entails calculating a defendant's Guidelines sentence precisely, formally ruling on any departure motions, and exercising discretion by considering the relevant § 3553(a) factors. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Hetherington's challenge to the District Court's consideration of his variance arguments

4

within the framework of § 3553(a) pertains only to the third step under *Gunter*. We have

explained that "[w]hile a listing of factors may not, alone, be sufficient to demonstrate the

necessary consideration of relevant factors," such consideration can be reflected from

"the record as a whole." *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007).

Along these lines, a district court need not "discuss and make findings as to each of the

§ 3553(a) factors if the record makes clear the court took the factors into account in

sentencing." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). We expect the

record to reflect a district court's "recognition of, and response to, the parties' non-

frivolous arguments." *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006).

Here, in response to Hetherington's arguments that the extent of his cooperation

warranted varying his sentence, the District Court stated: "I consider whatever you claim

he has done by way of cooperation as part of a general constellation of what makes this

person before me, what makes Alex Hetherington." This statement reflects that the

District Court considered Hetherington's cooperation as part of his overall history and

characteristics. Also, in response to Hetherington's inquiry as to whether the District

Court was accepting his cooperation "as a 3553 consideration," the District Court

explained: "I am considering this consideration and note that he has been given credit for

it in the acceptance of responsibility." When Hetherington continued to press his

cooperation argument and characterized the "scope of the cooperation" as

"extraordinary," the District Court replied that "[i]t doesn't take it out of the mainstream of cooperation" and it "falls short."

Therefore, the record is clear that the District Court did consider Hetherington's arguments that he deserved a variance because of his cooperation but nonetheless was unpersuaded by these arguments. Because the record reveals the District Court's consideration of Hetherington's arguments for a variance in light of the § 3553(a) factors as well as an explanation of why the District Court chose not to exercise its discretion to vary his sentence, we cannot conclude that the sentence is unreasonable. *See United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (explaining that the district court's decision not to give the defendant's "mitigating factors the weight that [the defendant] contends they deserve does not render [the] sentence unreasonable").

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.