NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2565
_____

UNITED STATES OF AMERICA

v.

HORACE SMITH
a/k/a SMITTY

Horace Smith,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-08-cr-00377-002)
District Judge:  The Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2010

BEFORE: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed: July 21, 2010)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Horace Smith appeals the District Court's judgment of conviction and sentence. Counsel for Smith has filed a brief, pursuant to *Anders v. State of California*, 386 U.S. 738 (1967), claiming that this appeal presents no non-frivolous issues, and seeking permission to withdraw as counsel in this case. Smith also filed a pro se brief. For the reasons that follow we will affirm the District Court's judgment of conviction and sentence, and we will grant counsel's motion to withdraw.

On January 28, 2009, Smith pleaded guilty to criminal conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846. The District Court sentenced Smith to 160 months of imprisonment and three years of supervised release. The District Court ordered Smith to pay a fine of $2,500 and a special assessment of $100. Smith filed a timely notice of appeal. We appointed Alan M. Ross, Esquire, to represent Smith on appeal.

I.

Our examination of an *Anders* brief focuses upon whether counsel has both thoroughly scrutinized the record for issues that could be appealed, and properly explained why all such issues are wholly frivolous. We also review the record ourselves to make an independent evaluation. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, counsel identifies five potential grounds for appeal: (1) the District Court's jurisdiction, (2) the voluntariness of Smith's plea, (3) the legality of

Smith's sentence, (4) whether the Government breached its plea agreement by failing to file a U.S.S.G. § 5K1.1 motion, and (5) whether the Government's decision to charge a co-defendant with a different offense was unjust treatment of Smith.

Smith independently raises in his pro se brief essentially the same Section 5K1.1 motion issue already brought up by counsel.[1]  He also claims ineffectiveness of counsel. We will briefly review each issue.

With regard to jurisdiction, we note that Smith was charged with federal offenses, and he pleaded guilty to 21 U.S.C. § 846.  Federal district courts have jurisdiction over all offenses against the United States under 18 U.S.C. § 3231.  Hence, jurisdiction was proper.

Concerning the validity of his guilty plea, Smith can demonstrate no error on this record.  The District Court thoroughly probed Smith's understanding of the proceedings. It informed him that he was entitled to plead not guilty and to have a jury hear his case. Upon the District Court's inquiry, Smith indicated that he understood the plea agreement. The District Court confirmed that Smith had adequate opportunity to confer with his attorney.  Finally, Smith told the District Court that he was satisfied with his attorney. Our review of the record makes clear that the District Court thoroughly covered both the procedural requirements of Federal Rule of Criminal Procedure 11, and the constitutional

---

[1]In his brief Smith also reiterates his request for appointment of new counsel, which he originally expressed in a motion filed on October 26, 2009.  We will address this issue in a separate order.

mandate of ensuring that guilty pleas are knowing, voluntary, and intelligent. There is no issue of merit as to the validity of Smith's guilty plea.

Counsel next raised the legality of Smith's sentence. The District Court's calculation of the sentence, which was based on the stipulation outlined in the plea agreement, was proper.[2] As to Smith's career offender status the District Court properly determined, pursuant to U.S.S.G. § 4B1.1, that Smith met the relevant criteria on age and prior felony convictions. Finally, the District Court thoughtfully considered 18 U.S.C. § 3553(a) factors, including Smith's history and the need for the sentence imposed. On this record, we conclude that any challenge to the legality of his sentence is frivolous.

Counsel then examined whether the Government breached the plea agreement when it did not file a motion for a downward departure from the sentencing guidelines, pursuant to U.S.S.G. § 5K1.1, for substantial assistance by the defendant. As counsel correctly states, the Government retains sole discretion on whether to file a Section 5K1.1 motion. Indeed, the Government could breach the plea agreement only if it declined to make the motion in bad faith by basing its evaluation of assistance "on considerations extraneous to that assistance." *See United States v. Isaac*, 141 F.3d 477, 484 (3d Cir. 1998). Smith does not assert any such unconstitutional motive for the Government's failure to file the motion, nor did we see any upon our own review.

---

[2]Additionally, we note that the District Court removed an enhancement relating to a stun gun possessed by Smith at the time of his arrest because of uncertainty about the lethality of the gun.

Counsel, lastly, examines whether Smith was unjustly treated because the Government did not charge a co-defendant with the same crimes. The decisions on whether to prosecute and what charges to file rest in the prosecutor's discretion. We agree with Smith's counsel that this issue is meritless.

In his pro se brief, Smith raises essentially the same breach of plea agreement issue briefed by counsel. Out of an abundance of caution, however, we will examine his Section 5K1.1 motion issue separately. Smith contends that the Government was obligated to report on his level of cooperation so that the District Court could make its own assessment of Smith's contributions, or lack thereof, in determining his sentence. He misreads and misapplies the plea agreement's breach provision, which gives the Government discretion in "petitioning the Court to be relieved of its obligations" in the event of a breach. Plea Agreement § 30, January 6, 2009, ECF No. 39. This language is irrelevant, because the Government did not seek to declare the agreement breached. Moreover, as we said above, the agreement plainly gives the Government discretion to independently evaluate both the substantiality of Smith's cooperation and whether it should make a recommendation to depart from the sentencing guidelines. No non-frivolous grounds appear on this record to challenge the Government's refusal to file a Section 5K1.1 motion.

Finally, Smith argues that counsel was ineffective in failing to argue for a downward departure in his sentence for his cooperation with the Government. Because

5

Smith's claim of ineffectiveness cannot be determined on this record, we reject his argument. *See United States v. Olfano*, 503 F.3d 240, 246-47 (3d Cir. 2007) (a claim of ineffective assistance should not be heard on direct appeal unless ineffectiveness is apparent on the record).

## II.

After our review of counsel's brief, Smith's pro se brief, and our independent examination of the entire record we conclude that there are no non-frivolous appealable issues in this case. Accordingly, we will affirm the District Court's judgment of conviction and sentence and, in a separate order, grant counsel's motion to withdraw.