NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2338
_____

UNITED STATES OF AMERICA

v.

MAURICE OUTEN,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-09-cr-00170-001)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2011

Before:  RENDELL, AMBRO and FISHER, *Circuit Judges*.

(Filed: January 25, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Maurice Outen was convicted of possession with intent to distribute fifty grams or

more of a substance that contains cocaine base.  On appeal, he claims that his trial

counsel was constitutionally ineffective and that the verdict was against the weight of the evidence. For the reasons stated below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On May 14, 2009, officers with the Swatara Township Police Department were approached by Emrica Smalls in a hotel parking lot near Harrisburg, Pennsylvania. Smalls asked the officers for their help in retrieving clothes left in a hotel room rented by Outen, her former boyfriend. Smalls told the officers that Outen was trafficking drugs from the room. Outen refused the officers' request to accompany Smalls to retrieve her things and suggested that a hotel employee would go to the room instead. While Outen and the employee were in his room, one of the officers saw two handheld mixers, plastic baggies, acetone, and a box for a digital scale inside a trashcan outside Outen's room. Smalls remained in the parking lot and informed the officers that Outen was using his rental car to transport drugs. When they approached the car, officers observed a clear plastic bag containing a white powder sticking out from underneath a floor mat. Outen came back out to the parking lot, and the officers arrested him. Smalls also told the officers that Outen was hiding cocaine in the ceiling of the hotel's gym. As Smalls predicted, officers found underneath the ceiling tiles a bag containing a scale, powder cocaine, crack cocaine, and a receipt for Outen's hotel room. After obtaining a search

warrant for Outen's hotel room and rental car, officers discovered cocaine and various drug paraphernalia.

Outen was indicted in the United States District Court for the Middle District of Pennsylvania for possession with intent to distribute fifty grams or more of a substance that contains cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).[1] The government presented testimony from the officers describing what they found in Outen's hotel room, rental car, and in the gym. A jury convicted Outen and the District Court sentenced Outen to 136 months' imprisonment. He timely appealed.

## II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Outen advances two claims on appeal, namely, that (1) his trial counsel was ineffective for failing to properly articulate the theory that Smalls planted the evidence against him and (2) the conviction is against the weight of the evidence. We address each in turn.

Outen argues that his trial counsel failed to assert to the jury that Smalls had motive and opportunity to plant the incriminating evidence. We decline to address the merits of Outen's claim on direct appeal because "it has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Wise*, 515 F.3d 207, 215 (3d Cir. 2008) (quoting *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003)). We depart from that practice "[w]here the record is

3

sufficient to allow determination of ineffective assistance of counsel[.]" *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). The record here is not complete enough for us to make a determination as to Outen's ineffective assistance claim. *See*, *e.g.*, *United States v. Olfano*, 503 F.3d 240, 246 (3d Cir. 2007). Accordingly, we must decline to reach the issue at this juncture.[2]

As to Outen's second argument, he asserts that the conviction was against the weight of the evidence and that there was insufficient evidence to support a guilty verdict. Outen confuses a challenge to the weight of the evidence with a challenge to the sufficiency of the evidence. The concepts are distinct. *See United States v. Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008). The proper manner to argue that the verdict was against the weight of the evidence is through a motion for a new trial. Outen did not file such a motion. Federal Rule of Criminal Procedure 33 provides that "[o]n a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require." "Under this rule, a judge has no power to order a new trial on his own motion" because "[a] judge can act only in response to a motion timely made by a defendant." *United States v. Wright*, 363 F.3d 237, 248 (3d Cir. 2004) (internal citations and quotations omitted). Because Outen never moved for a new trial in the District Court under a Rule 33 motion, we will not address his weight claim here.

---

[1] 28 U.S.C. § 841(b)(1)(A)(iii) was amended pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, effective August 3, 2010, to replace fifty grams with 280 grams of a mixture or substance that contains cocaine base.

[2] Of course, this disposition does not preclude Outen from pursuing his ineffective assistance claim in a collateral proceeding.

Insofar as Outen attempts to challenge the sufficiency of the evidence, "we must sustain the verdict if a rational trier of fact could have found [the] defendant guilty beyond a reasonable doubt, and the verdict is supported by substantial evidence." *United States v. McKee*, 506 F.3d 225, 232 (3d Cir. 2007). We will review for plain error because Outen did not raise this claim before the District Court. *See* Fed. R. Crim. P. 52(b); *United States v. Thayer*, 201 F.3d 214, 219 (3d Cir. 1999). "A conviction based on insufficient evidence is plain error only if the verdict constitutes a fundamental miscarriage of justice." *Thayer*, 201 F.3d at 219. The government had to prove beyond a reasonable doubt that Outen knowingly or intentionally possessed cocaine or crack cocaine with the intent to distribute. Viewing the evidence in the light most favorable to the government, *see McKee*, 506 F.3d at 232, we determine that substantial evidence supports the conviction. The government introduced a plethora of evidence of Outen's drug trafficking, including cocaine wrapped in Outen's hotel room receipt and various drug paraphernalia found in his room, rental car, and the hotel gym. Although Outen claims that Smalls planted the evidence against him, there is ample evidence to support the jury's finding. *See id.* at 233. We cannot say it was plain error for the jury to have convicted him.

IV.

For the foregoing reasons, we will affirm the judgment and sentence of the District Court.

5