NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2121
_____

UNITED STATES OF AMERICA

v.

HENRY HERIBERTO GOMEZ DISLA,

Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-08-cr-00749-001)
District Judge: Honorable Noel L. Hillman
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2011

Before:  RENDELL, SMITH and FISHER, Circuit Judges.

(Opinion Filed: July 20, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Henry Heriberto Gomez-Disla ("Gomez-Disla") was sentenced to a term of

77 months for illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b)(2).

Gomez-Disla contends the District Court erred by failing to meaningfully consider

the 18 U.S.C. § 3553(a) factors in imposing his sentence and by imposing a

sentence that was greater than necessary to further the goals of sentencing. The United States District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. Appellate jurisdiction is conferred upon us by 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the sentence imposed by the District Court for reasonableness and will not disturb the sentence absent an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc). We will affirm.

Gomez-Disla, a citizen of the Dominican Republic, was convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) on December 7, 1992 and was deported from the United States pursuant to an order of deportation. After reentering without permission, he was convicted of three drug-related offenses and sentenced to five years imprisonment on March 31, 2005. Following his incarceration, Gomez-Disla pled guilty on October 6, 2009 to an information charging him with illegally reentering the United States after deportation subsequent to his conviction of an aggravated felony pursuant to 8 U.S.C. § 1326(a).[1] On April 7, 2009, after both parties agreed that the Guideline calculation led to a Total Offense Level of 21, Gomez-Disla was sentenced at the bottom of

---

[1] 8 U.S.C. § 1326(a) provides any alien who has been denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, attempts to enter, or is at any time found in the United States, unless prior to his reembarkation at a place outside the United States, or application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission, shall be fined under Title 18, or imprisoned, or both.

the Guideline range to a term of 77 months. On April 14, 2009, Gomez-Disla appealed.

Appellant levels two challenges to the reasonableness of his sentence, as noted above.[2] We review a sentence for both procedural and substantive reasonableness. *Tomko*, 562 F.3d at 567-68. Following *United States v. Booker*, 543 U.S. 220 (2005), we have directed district courts to follow a three-step sentencing process: (1) the court must properly calculate the applicable Guidelines range; (2) the court must then formally rule on any departure motions made by the parties; and (3) after hearing the parties' arguments, the court must exercise its discretion by considering the § 3553(a)[3] sentencing factors in determining the appropriate sentence to impose. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010). We find procedural error where the district court has erred by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines

---

[2] In his briefing, Gomez-Disla frames the issue as the District Court making erroneous factual findings; however, his discussion fails to argue this point and, as a result, amounts to a challenge of the substantive reasonableness of his sentence.

[3] 18 U.S.C. § 3553(a) provides that the court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense, history and characteristics of the defendant, need for sentence imposed, kinds of sentences available, the kinds of sentence and sentencing range, any pertinent policy statement, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and need to provide restitution to victims.

3

range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then review the substantive reasonableness of the sentence by focusing on the totality of the circumstances to ensure the sentence furthers the goals of sentencing. *Id*. at 50.[4]

Gomez-Disla argues his sentence is procedurally unreasonable because the District Court treated the Guidelines as "mandatory" and "failed to engage in a meaningful consideration of the 18 U.S.C. § 3553(a) factors." Gomez-Disla argues that a sentence below the Guideline range should have been imposed had the District Court properly considered his non-violent criminal history, delayed sentencing and subsequent lost opportunity to serve concurrent sentences, and weighed the sentencing factors set forth in § 3553(a). The Court rejected the argument that the Criminal History category of IV overstated the seriousness of defendant's criminal history finding that Gomez-Disla had committed three separate, serious offenses. A–136-37. The District Court also considered the Defendant's argument regarding his delayed sentencing and found that there was "nothing in the record to suggest" that the Government "intentionally or maliciously" waited to bring federal charges against him. A–103. Accordingly, the Court imposed a sentence within the Guideline range rather than grant a departure. The record supports the finding that the District Court gave appropriate

---

[4] Goals of sentencing include: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

consideration to the mitigating factors proposed by the Defendant as well as the § 3553(a) sentencing factors. A–132-38. Therefore, the sentence imposed was procedurally reasonable.

Gomez-Disla argues that his sentence was substantively unreasonable because it was greater than necessary to further the goals of sentencing. We have made clear that sentences falling within the advisory Guidelines range are more likely to be reasonable than those falling outside of that range. *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007)(citing *United States v. Cooper*, 437 F.3d 324, 331 (3d Cir. 2006)). In addition, while it is acknowledged that he is a non-violent offender, when considering the totality of the circumstances which includes reentry after multiple drug convictions, the sentence imposed is reasonable to promote respect for the law and provide just punishment. Imposition of a sentence at the bottom of the guidelines range was substantively reasonable.

We find that the District Court did not abuse its discretion in imposing this sentence; therefore, we will affirm.