**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3287
_____

UNITED STATES OF AMERICA

v.

GREGORY A. LOCKWOOD,
                         Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 4:11-cr-00307)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
March 21, 2013
_____

Before: FUENTES, CHAGARES and BARRY, Circuit Judges

(Opinion Filed:  May 2, 2013)
_____

OPINION
_____

BARRY, Circuit Judge

        Gregory A. Lockwood appeals his conviction and 60-month sentence of

imprisonment for the possession of child pornography, in violation of 18 U.S.C. §

2252A(5)(B).  His attorney has moved to withdraw under *Anders v. California*, 386 U.S.

738 (1967).  For the following reasons, we will grant the motion to withdraw and affirm the judgment of sentence.

## I.[1]

Under *Anders v. California*, 386 U.S. 738 (1967), appellate counsel may request to withdraw from further representation of the defendant if he finds the appeal "to be wholly frivolous."  *Id*. at 744.  The request must be accompanied by a brief identifying portions of the record that could potentially support an appeal.  *Id*.

In addressing counsel's request, we undertake a twofold inquiry: (1) whether counsel's brief is adequate; and (2) whether an independent review of the record presents any nonfrivolous issues.  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  With respect to the first inquiry:

> The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous.  Counsel need not raise and reject every possible claim.  However, at a minimum, he or she must meet the "conscientious examination" standard . . . .

*Id*.  With respect to the second inquiry, we review the record to determine whether the appeal "lacks any basis in law or fact."  *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988).  The scope of this review is guided by the adequacy of the

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We exercise plenary review to determine whether there are any nonfrivolous issues on appeal. *Penson v. Ohio,* 488 U.S. 75, 80 (1988).

*Anders* brief, determined by the first inquiry. Where an *Anders* brief is adequate, we confine our scrutiny to those portions of the record identified by the *Anders* brief. *See Youla*, 241 F.3d at 301. Where the *Anders* brief is inadequate, however, we broaden our review to portions of the record implicated in the defendant's pro se brief, or any other filings that may provide "guidance concerning the issues [the defendant] wishes to raise on appeal." *Id.* Even if an *Anders* brief is inadequate, we may nonetheless affirm the District Court without appointing new counsel if we find, after reviewing the record, that the "frivolousness [of the appeal] is patent." *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009).

II.

Counsel's *Anders* brief identifies three potential, but frivolous, issues for appeal: (1) the jurisdiction of the District Court; (2) the validity of the guilty plea; and (3) the legality of the 60-month sentence.[2] The brief is thorough and well-written, evidencing a conscientious examination of the record and the potential issues on appeal. Counsel fully explains why there are no nonfrivolous issues, and we have carefully examined those

---

[2] In his *pro se* brief, Lockwood asserts but one claim: ineffective assistance of counsel. Usually, this claim is made in a collateral proceeding, rather than on direct appeal. *United States v. Olfano,* 503 F.3d 240, 246 (3d Cir. 2007) (citing *United States v. McLaughlin,* 386 F.3d 547, 555 (3d Cir. 2004)). However, where the record is sufficient to allow a determination of ineffective assistance, a separate hearing is unnecessary, and we may address the claim on direct appeal. *United States v. Headley,* 923 F.2d 1079, 1083 (3d Cir. 1991). The record is sufficient to address this claim, and we find it is patently without merit. There is simply no evidence that the choice of psychologist prejudiced Lockwood in any way.

portions of the record identified by counsel as potentially nonfrivolous. Our independent review convinces us that none of these issues could possibly support an appeal, and we are satisfied that all the requirements of *Anders* have been met.

III.

We will grant counsel's motion to withdraw and affirm the judgment of the District Court.