**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2007
_____

UNITED STATES OF AMERICA

v.

HARRY C. MOORE,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 13-cr-00304-001)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2014
_____

Before: SMITH, HARDIMAN and BARRY, Circuit Judges

(Opinion Filed: December 2, 2014)
_____

OPINION[*]
_____

BARRY, Circuit Judge

Harry C. Moore appeals his within-Guidelines sentence of 77 months'

imprisonment, imposed after he entered a plea of guilty to being a felon-in-possession of

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

a firearm in violation of 18 U.S.C. § 922(g). Moore contends that the District Court erred when it denied his request for a variance without adequate explanation. We will affirm.

I.

In September 2013, Moore pleaded guilty to a one-count Indictment charging him with a violation of § 922(g)(1). In the plea agreement, the parties stipulated to a total offense level of 17. The Pre-Sentence Investigation Report ("PSR"), however, calculated his total offense level to be 21. In light of this disparity, the District Court adjourned Moore's initial sentencing date so that Moore could brief two issues, including that of a downward variance.[1]

At sentencing, both parties objected to the offense level in the PSR. The Court, however, overruled the objections and found that the total offense level was 21, resulting in a Guidelines range of 77 to 96 months. Moore argued for a downward variance from the Guidelines range based on his personal circumstances and history, pointing to his difficult childhood, strong family support from siblings and relatives, and positive efforts to be productive while incarcerated.

The District Court denied Moore's request for a variance and sentenced him to 77 months' imprisonment, the bottom of the Guidelines range the Court had found to be applicable. The Court indicated in its remarks that it had "carefully reviewed the pre-sentence report and other submissions" and had taken into account correspondence

---

[1] The disparity apparently arose because the PSR had taken into consideration a prior conviction which the government incorrectly believed during plea negotiations had been dismissed.

2

received from Moore's family members and his sister. (App. at 55.) The Court also acknowledged the presence of family members who had traveled to be present at the sentencing. It stated, however, that "at the end of the day, we have a crime here for which there have to be consequences. They're unavoidable. And the reality is you pled guilty to the offense here, and there is a consequence that comes with it." (Id.)

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review for abuse of discretion whether the Court gave meaningful consideration to Moore's sentencing arguments and the § 3553(a) factors. See United States v. Flores-Mejia, 759 F.3d 253, 259 (3d Cir. 2014) (en banc).[2]

At sentencing, a district court is required to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). Here, the record demonstrates that the District Court listened to Moore's arguments, said that it had considered the supporting evidence, including Moore's sentencing submission and letters from his family members, and presumably was fully aware of all of Moore's circumstances, beyond the "family support structure" the Court

---

[2] Sentencing in this case took place prior to our en banc decision in United States v. Flores-Mejia, in which we held that to avoid plain error review, a defendant who challenges whether the court gave "meaningful consideration" to his sentencing arguments must raise a contemporaneous objection after the sentence is pronounced. We made clear in Flores-Mejia that this rule did not apply retroactively. 759 F.3d at 258 n.7.

3

specifically noted.  (App. at 55.)  To say the Court's statement of reasons was "brief" would be an understatement, and it was only barely "legally sufficient," see Rita, 551 U.S. at 358.  See also United States v. Olfano, 503 F.3d 240, 244-45 (3d Cir. 2007) (affirming judgment of sentence where defendant was sentenced to the "minimum term of imprisonment within his sentencing range" and the court's explanation for defendant's sentence was "brief," but the record as a whole demonstrated consideration of the relevant factors).

III.

We will affirm the judgment of sentence.