**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3696
_____

UNITED STATES OF AMERICA

v.

JOSEPH TAMBONG OSANG,
                         Appellant
_____

Appeal from the United States District Court
for the District of Delaware
(No. 1-13-cr-00028-001)
District Judge:  Honorable Richard G. Andrews

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2015

Before:  CHAGARES, KRAUSE and BARRY, Circuit Judges.

(Filed: July 10, 2015)
_____

OPINION[*]
_____

CHAGARES, Circuit Judge.

     Joseph Osang appeals his sentence of eighteen months of imprisonment for wire

fraud, and his attorney moves to withdraw as counsel pursuant to Anders v. California,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

386 U.S. 738 (1967). For the following reasons, we will grant the motion to withdraw and affirm the District Court's judgment.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. Osang was involved in a "black money" scheme. In such a scheme, the perpetrator claims to have possession of currency that is coated in a black paste or chemical, which can be removed to reveal usable bills. The victim is then convinced to purchase the chemical for cleaning the bills along with a number of "black" bills, but in reality receives only black paper cut into the dimensions of U.S. currency. In Osang's version of the scheme, he claimed that regular currency was needed as part of the cleaning process, and attempted to induce his victim to provide $100,000 in exchange for a percentage of the bills that would be "cleaned." Osang's intended victim in this case was, in reality, a cooperating witness, and Osang was arrested when he showed up to collect the money and "clean" the bills. He was indicted for wire fraud on March 4, 2013 and pled guilty on April 9, 2014.

At sentencing, the District Court applied an eight-level enhancement for the loss amount and a two-level enhancement for obstruction of justice because Osang attempted to flee to Canada during the pendency of this criminal proceeding. After a three-level deduction for acceptance of responsibility, Osang's final offense level was calculated as fourteen, to which he did not object, and which resulted in an advisory Sentencing Guidelines range of fifteen to twenty-one months of imprisonment. He was sentenced to eighteen months of imprisonment and three years of supervised release.

Osang timely appealed his sentence. His attorney has filed a motion to be relieved and a supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no non-frivolous issues for appeal. Osang has filed his own informal supplemental brief.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

When counsel files a motion to withdraw under Anders we follow a two-step review process. First, we consider whether counsel has adequately fulfilled the requirements of Local Appellate Rule 109.2(a), which requires filing a brief, compliant with the requirement set forth in Anders to identify "anything in the record that might arguably support the appeal." Anders, 386 U.S. at 744. Second, we consider "whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). If our review discloses any arguable merit to the appeal, we appoint substitute counsel, order supplemental briefing, and restore the case to the calendar.

## III.

Defense counsel raises the procedural and substantive reasonableness of Osang's sentencing based on the loss amount used and the conviction's immigration consequences as arguable bases for appeal. In his informal brief, Osang adds arguments regarding the District Court's consideration of other charged conduct, and his attorney's alleged failure to object to a sentencing enhancement and to press the issue of Osang's mental health.

3

As to the loss amount, it is undisputed that Osang asked the cooperating witness for $100,000. The Sentencing Guidelines provide that the loss amount is defined as "the greater of actual loss or intended loss." U.S.S.G. § 2B1.1 cmt. n.3(A). Intended loss includes the "pecuniary harm that was intended to result from the offense" even where that loss would have been "impossible or unlikely to occur," as in a sting operation. U.S.S.G. § 2B1.1 cmt. n.3(A)(ii); see also United States v. Yeaman, 194 F.3d 442, 460 (3d Cir. 1999) ("Intended loss refers to the defendant's subjective expectation, not to the risk of loss to which he may have exposed his victims."). Thus, we agree that an appeal on this basis would be frivolous.

The next conceivable issue raised by the Anders brief is the length of the sentence and its effect on his immigration status. He was required to be informed that a plea of guilty would subject him to the risk of deportation. See Padilla v. Kentucky, 559 U.S. 356, 374 (2010). He was informed of the potential immigration consequences of his plea by the plea agreement, his attorney, and the District Judge at the plea colloquy. An appeal on this basis would be frivolous as well.

To these considerations we add those raised by Osang in his informal brief. Osang complains of the sentencing judge's consideration of other conduct that he was charged with, but not convicted of. He remained, however, in the lowest criminal history category and the sentencing judge indicated that he was not giving the conduct any weight in his consideration of the proper sentence. Even assuming that this was in error, then, it was harmless as it did not affect Osang's total sentence. See United States v. Langford, 516 F.3d 205, 215 (3d Cir. 2008) (holding that a sentencing error is harmless if

4

it is "clear that the error did not affect the district court's selection of the sentence imposed").

Osang also objects to his attorney's alleged failure to elaborate sufficiently on his mental health problems and to object to the two-level sentencing enhancement for obstruction of justice. We do not generally review ineffective assistance of counsel claims under the Sixth Amendment on direct appeal. See, e.g., United States v. Olfano, 503 F.3d 240, 246 (3d Cir. 2007). Moreover, Osang's attorney raised the issue of his mental health at several points during the proceeding, Osang himself discussed it during the plea colloquy, and the record was sufficient to allow the District Court to consider Osang's difficulties as part of his "history and characteristics." 18 U.S.C. § 3553(a)(1).

Any objection to the obstruction of justice enhancement would have been futile as well. The Guideline includes "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding" as "covered conduct." U.S.S.G. § 3C1.1 cmt. n.4(E). Osang's attempt to flee to Canada falls squarely within the Guideline. See United States v. Abuhouran, 162 F.3d 230, 234 (3d Cir. 1998) (upholding application of enhancement where the defendant on bail cut his electronic monitoring device and attempted to flee the country).

## IV.

For the foregoing reasons, we will grant the motion to withdraw and affirm the District Court's judgment.