**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1501
_____

UNITED STATES OF AMERICA

v.

MARTIN ALLEN MENTZER,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 1-15-cr-0167)
District Judge: Hon. Sylvia H. Rambo
_____

Submitted under Third Circuit L.A.R. 34.1(a)
January 15, 2019
_____

Before: GREENAWAY, JR., SHWARTZ, and PORTER, <u>Circuit Judges</u>.
(Filed: January 16, 2019)

_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Martin Allen Mentzer appeals his 240-month sentence for sexual exploitation of a minor and the $1,000 restitution award to a different individual depicted in child pornography found in his possession. For the reasons set forth herein, we will affirm.

I

During a search of the residence of a suspected child pornography distributor, federal agents discovered a DVD depicting Mentzer engaging in sexual acts with a thirteen-year-old male. Federal agents then searched Mentzer's home and found child pornography on his computer. Mentzer was indicted for sexual exploitation of children, distribution of child pornography, and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2252A(a)(2), and 2252A(a)(5)(B), respectively.

Mentzer entered into a plea agreement and pleaded guilty to the sexual exploitation charge, admitting that he was the adult in the DVD the agents found, and that he had engaged in oral and anal sex with the victim. The plea proceeding also disclosed that Mentzer was HIV positive when he engaged in sexual contact with the victim and Mentzer did not make the victim aware of his HIV status. The plea agreement set forth the penalties he faced and provided that "the court may impose an order of restitution . . . to victims of the defendant's relevant conduct." App. 33-34.

In the pre-sentence investigation report ("PSR"), the United States Probation Office calculated a total offense level of 37 and criminal history category of I, which corresponds with a Guidelines range of 210 to 262 months. The PSR also noted that one victim from a series of images found on Mentzer's computer (not the victim of the sexual exploitation charge to which Mentzer pleaded guilty) submitted a restitution request for

2

$58,415. Finally, the PSR advised that an upward departure may have been warranted for extreme conduct under U.S.S.G. § 5K2.8 because Mentzer had engaged in sexual activity with a minor while knowingly infected with HIV, a communicable and potentially fatal, incurable disease. Mentzer objected to the possible upward departure and restitution award.

At sentencing, Mentzer reiterated his objections. He argued that the upward departure was inappropriate because he did not pose an HIV transmission risk. He also denied knowingly or intentionally obtaining the images giving rise to the restitution request, contending that any restitution award based upon them was improper. The District Court stated it would not upwardly depart but would consider Mentzer's conduct in determining a sentence within the Guidelines range. Then, the Court imposed a 240-month sentence, explaining that:

> [t]he fact that the Defendant knew that he had an incurable, life-threatening, sexually transmitted disease when he engaged in sexual activity with a 13-year-old is an aggravating factor that could arguably warrant an upper departure. However, the Court believes that a sentence in the middle of the guideline range is adequate yet not greater than necessary to meet the sentencing objectives. These reasons are the same reasons why the Court has not granted him the mandatory minimum sentence.

App. 82-83. Regarding restitution, the Court declined to award the $58,415 requested, but instead awarded restitution of $1,000, reasoning that "[i]t's obvious [the images in question were] on [Mentzer's] computer" despite their disputed origin. Mentzer appeals.

## II[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Sentences must be procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc citation omitted). Mentzer challenges only the substantive reasonableness of his sentence. When reviewing for substantive reasonableness, we consider the totality of the circumstances, applying an abuse of discretion standard. Id. at 567 (citations omitted); United States v. Wise, 515 F.3d 207, 217-18 (3d Cir. 2008). Our review of the District Court's analysis is thus "highly deferential," United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007) (citation omitted), and we will affirm its sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided," Tomko, 562 F.3d at 568.

Here, the District Court imposed a within-Guidelines sentence of 240 months. A within-Guidelines sentence is more likely to be reasonable than an outside-Guidelines sentence. United States v. Olfano, 503 F.3d 240, 245 (3d Cir. 2007) (citation omitted). Nonetheless, Mentzer argues that the District Court abused its discretion by failing to take into account his HIV viral load, which he asserts has reduced his transmission risk to virtually zero. The Court, however, did not rely on the risk-level in imposing a within-Guidelines sentence, and thus there was no need for it to analyze Mentzer's particular level of transmission risk. More specifically, the Court simply stated the undisputed fact that Mentzer "knew that he had an incurable, life-threatening, sexually transmitted disease when he engaged in sexual activity with a 13-year-old." App. 82. In any event, Mentzer's "clandestine exposure of his minor victim[] to even a minimal risk of HIV infection was a circumstance of his offense conduct. Because [Mentzer]'s HIV status

4

was relevant to his offense conduct, it was properly considered by the district court." United States v. Lebowitz, 676 F.3d 1000, 1016 (11th Cir. 2012); see also United States v. Blas, 360 F.3d 1268, 1273-74 (11th Cir. 2004) (holding that an upward departure for extreme conduct was warranted where defendant knowingly engaged in sexual acts with minors while HIV positive). In light of Mentzer's offense and his relevant conduct, we cannot conclude that "no reasonable sentencing court would have imposed the same sentence" on Mentzer "for the reasons the district court provided." Tomko, 562 F.3d at 568. Therefore, we must reject Mentzer's challenge to his sentence.

## III

We next address Mentzer's restitution arguments. "We review a restitution order under a bifurcated standard: plenary review as to whether restitution is permitted by law, and abuse of discretion as to the appropriateness of the particular award." United States v. Quillen, 335 F.3d 219, 221 (3d Cir. 2003) (internal quotation marks and citations omitted). Mentzer challenges both whether the $1,000 restitution award was permitted by law and its appropriateness. We examine each challenge in turn.

## A

The Victim and Witness Protection Act of 1982, 18 U.S.C. § 3663, permits a sentencing court to order restitution for victims of most offenses described in Title 18, including Mentzer's offense of conviction. The Act also provides that a sentencing court may "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). Mentzer's Plea Agreement provides:

> The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. The defendant also agrees that the Government will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct.

App. 33-34.[2] Mentzer's relevant conduct includes his possession of child pornography. Thus, because the plea agreement provides for restitution arising from relevant conduct, the District Court was permitted to award restitution to the victim who was depicted in the child pornography images under § 3663(a)(3).

Having concluded restitution may be awarded to victims beyond those impacted by the offense of conviction, we next examine whether there was sufficient evidence to permit a restitution award. Mentzer argues that the Government failed to establish that he was responsible for loading onto his computer the images depicting the victim seeking restitution, and that he had no knowledge they were there.

The Government must prove by a preponderance of the evidence that the defendant's conduct gave rise to the victim's loss. See United States v. Crandon, 173 F.3d 122, 126 (3d Cir. 1999) (citation omitted). It has carried its burden. At sentencing,

---

[2] Mentzer argues that Paroline v. United States, 572 U.S. 434 (2014), forecloses awards of restitution under 18 U.S.C. § 2259 to victims of uncharged conduct. We need not decide whether Paroline permits restitution awards to victims of relevant conduct (as opposed to only the offense of conviction) under § 2259, however, because 18 U.S.C. § 3663 permits such awards where, as here, they are provided for in a plea agreement. See 18 U.S.C. § 2259(a) (providing for mandatory restitution "[n]otwithstanding [§]3663 . . . and in addition to any other civil or criminal penalty authorized by law"); United States v. Woods, 689 F. Supp. 2d 1102, 1106-07 (N.D. Iowa 2010) (finding § 2259 inapplicable to victim of relevant, uncharged conduct and holding that § 3663 provides ground for restitution award to same victim where plea agreement put defendant on notice that restitution could be awarded for relevant conduct).

the Government presented a cooperating witness statement revealing that Mentzer shared child pornography he produced with others. His sharing of child pornography, combined with the presence of similar material on his computer, permit a finding by a preponderance of evidence that Mentzer was aware of the child pornography found on his hard drive. The Government thus made the necessary showing, and the District Court had an evidentiary basis to award restitution.

B

Mentzer also challenges the restitution amount. We review the restitution amount for abuse of discretion. Quillen, 335 F.3d at 221 (citation omitted). The Supreme Court provided guidance as to how to calculate restitution for victims of child pornography, albeit in the § 2259 mandatory restitution context, in Paroline v. United States, 572 U.S. 434 (2014). The Supreme Court stated:

> [W]here it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses. . . . The required restitution would be a reasonable and circumscribed award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role. This would serve the twin goals of helping the victim achieve eventual restitution for all her child-pornography losses and impressing upon offenders the fact that child-pornography crimes, even simple possession, affect real victims.

Id. at 458-59. The Court recognized that calculation of restitution in this context "cannot be a precise mathematical inquiry and involves the use of discretion and sound

judgment." Id. at 459. It concluded that district courts were to set restitution awards in line with both the victim's loss and the defendant's causal role in the production, distribution, and use of the images. Id. at 460. Here, the victim sought $58,415 to compensate him for his injury. The Court's award of $1,000 reflects its view about Mentzer's more limited causal role in the continued dissemination and use of the child pornography. As a result, we cannot conclude that the District Court abused its discretion in setting an award of $1,000.[3] Thus, the calculation of the award here was proper.

IV

For the foregoing reasons, we will affirm.

---

[3] The Supreme Court also said the amount calculated in this context ought to be neither "severe" nor "token or nominal." Paroline, 572 U.S. at 458-59. While the District Court used the word "nominal" once to describe the $1,000 award, it did so in the relative sense, as it chose to award the victim a much smaller amount than requested in light of Mentzer's limited role in his victimization. See App. 76 ("I can only say at this point that I don't think that [Mentzer's conduct] warrants the amount of restitution suggested in the pre-sentence report, but I will award a nominal amount."). Thus, the Court did not use the term to indicate the restitution was a "token" award as contemplated in Paroline.